M. A. HOYT, JR., Appellant, v. MARY E. STARR and C. W. STARR, Appellees.

**Negotiable instrument:** *Bona fide* HOLDER: EVIDENCE. In this action upon promissory notes the evidence is held insufficient to show that plaintiff is a holder in due course and entitled to protection against equities in favor of the makers.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

FRIDAY, MARCH 10, 1911.

ACTION on promissory notes. The plaintiff claimed $2,991 as the amount due thereon. The defendants averred payment, and pleaded a counterclaim. The trial court found a balance due plaintiff for $135. From such finding, the plaintiff has appealed.—*Affirmed.*

*C. M. Thomas, C. C. Cole,* and *Earl M. Starr,* for appellant.

*W. H. Palmer* and *Myatt & Heide,* for appellees.

EVANS, J.—The plaintiff brought three suits upon eight promissory notes of varying amounts and dates. By agreement the three actions were consolidated in the lower court. All the transactions involved in this controversy were had between the defendants and M. A. Hoyt, Sr., and S. A. Hoyt, his wife. One or the other of them was the original payee of each of the notes sued on. The plaintiff, M. A. Hoyt, Jr., is the son of the above-named parties, and purports to hold each note by due indorsement from his parents. The defendants are husband and wife, and occupied the farm of S. A. Hoyt in Carroll County during the years 1897, 1898, and 1899. The business was transacted on behalf of S. A. Hoyt by M. A. Hoyt, Sr., who is a lawyer. The defendants left the farm of S. A. Hoyt in March, 1900. In the meantime they had bought a farm which they afterward occupied for two years and then sold. At the time of the sale a large part of the selling price was turned over to M. A. Hoyt, Sr., and S. A. Hoyt. In their mutual transactions both parties kept written accounts and the itemized statements of account as presented by each party cover many pages of the printed abstract. The principal contention which is presented by appellant for our consideration is that he was a holder in

due course before maturity of the notes sued on, and that they were therefore not subject to any defense by reason of transactions had between the original parties thereto. To this question we direct our first attention.

I. The eight notes bear the following dates: (1) December 2, 1897. (2) August 16, 1898. (3) September 10, 1898. (4) September 30, 1898. (5) March 23, 1899. (6) December 19, 1899. (7) January 1, 1900. (8) November 16, 1901. Notes 1 and 8 were drawn to M. A. Hoyt as payee, and each purports to be indorsed by him to S. A. Hoyt on the day of its date, and each purports to be indorsed to the plaintiff by S. A. Hoyt November 16, 1901. All the other notes were drawn to S. A. Hoyt as payee, and nearly all of them were made payable one day after date, and each purports to be indorsed to M. A. Hoyt, Jr. Two of them purport to be indorsed on the date of their execution and one on the date following the execution, and three of them purport to have been indorsed to the plaintiff on dates prior to their execution. For instance, No. 3 bears date September 10, 1898, and purports to be indorsed to the plaintiff July 1, 1898. No. 4 bears date September 30, 1898, and purports to be indorsed to the plaintiff on July 1, 1898. No. 5 bears date March 23, 1899, and purports to be indorsed to the plaintiff March 3, 1899. Some oral evidence was taken on the question now under consideration. M. A. Hoyt, Sr., plaintiff's principal witness, testified as follows: "These notes have been partly in the possession of myself, my son, and my wife. Mrs. Hoyt said to me, 'Suppose I let Allen have the Starr notes.' And I said, 'Well, if you want to.' I said, 'It will be a long time before they are paid, and when they are paid, he will know how to use the money.' I think she spoke about it along about the time we commenced business with Mr. Starr, before some of the notes were drawn." Later he testified that love and affection was the principal consideration. Mrs. S. A. Hoyt testified by depo-

sition as follows: "All notes drawn to me by my husband, M. A. Hoyt, are usually handed to me by him for safe-keeping on the day they are drawn. The assignments affixed to the back of each of the Starr notes were made by me, and were made at the time shown in the assignment made by me on the back of each note. The said notes so assigned by me to my said son, are property of my said son, and have been since such assignment was made, as shown by the said notes." During a part of these transactions, the plaintiff was a minor, and was away attending school. He attained his majority in May, 1899. Some years before the commencement of the present action, M. A. Hoyt, Sr., as attorney, brought suit on some of these notes in the name of S. A. Hoyt as plaintiff, and later dismissed the same. Such suit was brought subsequent to the dates of indorsement now appearing on such notes. The alleged interest of the plaintiff as indorsee of the notes was never indicated at any time to the defendants. On another branch of the case, M. A. Hoyt testified as follows: "The accounts of myself and wife and Mr. and Mrs. Starr were all thrown together. *I never crowded them for the notes.* Don't think I ever said much to them about them. I wanted to get the disputed accounts settled, but was not so particular about the notes." He also testified that he did not remember whether the talk between him and his wife about letting "Allen have the Starr notes" was before or after he brought the suit above referred to. There was expert evidence also to the effect that all the indorsements appearing upon the notes were made at the same time, and with the same pen and ink. The plaintiff did not choose to become a witness in his own behalf. It does not appear whether he was actually present at the trial, nor does it appear, except presumptively, that he was ever in the actual possession of any of the notes. We think the trial court was justified in finding that the plaintiff was not a

holder in due course, and that he was not entitled to protection against equities in favor of the makers.

II.   The other aspects of the case present only a question of accounting between Mr. and Mrs. Hoyt on the one hand, and Mr. and Mrs. Starr on the other.   We can not enter into the details of the accounts.   They are very extensive.   On the larger part of the items their respective statements were in substantial harmony.   On the controverted items the evidence was very conflicting.   The trial was had to the court without a jury.   The conclusions reached by the court have abundant support in the record in the testimony offered on behalf of the defendants.   Its findings, therefore, are conclusive upon us.   We think the case was fairly tried, and the record presents no grounds of interference on our part.   We regret that we have been required to consider the case without the aid of an argument from appellees. The order of the trial court will be *affirmed.*